Slip Op 12 - 46

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

| | |
|---|---|
| DIAMOND SAWBLADES<br>MANUFACTURERS COALITION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>EHWA DIAMOND INDUSTRIAL CO., LTD.,<br>SH TRADING INC., and SHINHAN DIAMOND<br>INDUSTRIAL CO. LTD.,<br><br>Defendant-Intervenors. | Before: R. Kenton Musgrave, Senior Judge<br>Consol. Court No. 06-00248 |

## OPINION AND ORDER

[Motion to amend preliminary injunction denied, motion to amend complaint granted.]

Dated:  March 29, 2012

*Daniel B. Pickard* and *Maureen E. Thorson*, Wiley, Rein & Fielding, LLP, of Washington, D.C., for plaintiff Diamond Sawblades Manufacturers Coalition.

*Eric Emerson* and *Laura R. Ardito*, Steptoe and Johnson, LLP, of Washington, D.C., for consolidated plaintiff Hyosung D&P Co., Ltd.

*Delisa M. Sanchez*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant.  With her on the brief were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Franklin E. White*, *Jr.*, Assistant Director.  Of Counsel on the brief was *Hardeep K. Josan*, Attorney, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, D.C.

*Bruce M. Mitchell*, *Andrew B. Schroth*, *Mark E. Pardo*, *Ned H. Marshak*, and *Andrew T. Shultz*, Grunfeld, Desiderio, Lebowitz, Silverman & Kledstadt, LLP, of Washington, D.C., for defendant-intervenor Ehwa Diamond Industrial Co., Ltd.

*Michael P. House* and *Mary Rose Hughes,* Perkins Coie, LLP, of Washington, D.C., for defendant-intervenors SH Trading Inc. and Shinhan Diamond Industrial Co. Ltd.

Musgrave, Senior Judge:   Presuming familiarity with slip opinion 11-137 (Nov. 2, 1011), which granted the motion of Diamond Sawblades Manufacturers Coalition ("DSMC") for preliminary injunction against liquidation of entries of merchandise subject to the final administrative determination of sales at less than fair value ("LTFV") *Diamond Sawblades and Parts Thereof from the Republic of Korea*, 71 Fed. Reg. 29310 (Dep't Comm. May 22, 2006), the court now considers a motion filed by the defendant to amend the injunction against liquidation of subject merchandise in order to permit liquidation of subject merchandise entered on or after the effective date of a certain notice revoking the antidumping duty order ("Revocation Notice"),[1] *see* Section 129 of the Uruguay Round Agreements Act ("section 129"), 19 U.S.C. § 3538, which implicates the relief DSMC seeks in its underlying challenge to the LTFV final results.  DSMC has also interposed a motion to permit amendment of its complaint.  For the following reasons, modification of the injunction will be disallowed but amendment of DSMC's complaint allowed.

I

This court has inherent power and the discretion to modify the injunction in the event of changed circumstances.  *See Aimcor v. United States*, 23 CIT 932, 939, 83 F. Supp. 2d 1293,

---

[1]  *Notice of Implementation of Determination Under Section 129 of the Uruguay Round Agreements Act and Revocation of the Antidumping Duty Order on Diamond Sawblades and Parts Thereof From the Republic of Korea*, 76 Fed. Reg. 66892 (Dep't Comm. Oct. 28, 2011).  The effective date thereof is October 24, 2011.

1299 (1999).  A party may move for modification pursuant to USCIT Rules 7(b) and 65(b)(4), but a movant "for dissolution must make a very compelling demonstration, both of changed circumstances and resulting inequities for the moving party, to justify dissolution of the injunction prior to a final decision on the merits of the action."  *Id.*  An opponent does not bear a burden of re-proving the case for an injunction's continuance.  *See*, *e.g.*, *Ad Hoc Shrimp Trade Action Committee v. United States*, 32 CIT 666, 669, 562 F. Supp. 2d 1383, 1387 (2008); *SKF USA Inc. v. United States*, 28 CIT 170, 182, 316 F. Supp. 2d 1322, 1334 (2004).

      The defendant contends amendment of the injunction is necessary because the U.S. Department of Commerce, International Trade Administration ("Commerce" or "the Department") "has not been able to fully implement the section 129 determination" until the injunction is lifted, and the "Court does not possess jurisdiction over entries subject to the section 129 determination and has no basis upon which to maintain the current injunction with respect to those entries."  Def's Mot. at 2, 7-8.

      DSMC originally sought enjoinder of revocation of the antidumping duty order in addition to enjoinder of liquidation, arguing that Commerce could not revoke without the Court's permission because jurisdiction over the LTFV determination had vested here.  In any event,[2] as the defendant here impresses, revocation is denied its full effect for so long as liquidation continues to be enjoined.  Unresolved in the earlier opinions was how revocation should be challenged, in the event it occurred as a consequence of instruction from the USTR interpreted as requiring immediate

---

[2]   The argument was not incorrect, but at the time enjoinder of revocation was considered an unwarranted intrusion into the administrative process and the agency's interpretation of its obligations under the antidumping law.  *See* Order of Aug. 26, 2011, ECF No. 47; *see also* Slip Op. 11-117 at 6.

revocation of the antidumping duty order with respect to all unliquidated entries entered on or after

the date the USTR so instructs.  *Cf.* 19 U.S.C. § 3538(c)(1)(B) *with* Slip Op. 11-137 at 13.[3]

      Now, due to the present injunction against liquidation, DSMC takes the position that

it was not required to challenge revocation in order to preserve its right to appeal the underlying

LTFV determination.  DSMC argues that the court continues to have jurisdiction over those entries

and that the motion to amend the injunction should be rejected for the same reasons articulated in

slip opinion 11-137 for rejecting opposition to its issuance (*i.e.*, the injunction) in the first place.

Opp. to Def's Mot. to Amend Prelim. Inj. at 3.  More precisely, DSMC argues that ultimate success

on this matter (its challenge to the LTFV determination) resulting in above-*de-minimis* dumping

rates and reinstatement of the antidumping duty order *is* a challenge to Commerce's revocation

decision "in some fashion" as contemplated by slip opinion 11-137.

      With the benefit of time, and upon further reflection, the court is persuaded that the

Revocation Notice does not, in fact, delineate or delimit the Court's jurisdiction over the entries

---

[3]  The court conjectured it might be procedurally cleaner to challenge revocation separately and consolidate herewith.  *See* Slip Op. 11-137 at 13; *see also* 19 U.S.C. §§ 1516a(a)(2)(A)(i)(III) & 1516a(a)(2)(B)(vii) (a party is required to challenge the "determination . . . under section 3598" within 30 days after publication if it believes the determination was erroneous); *American Chain Ass'n v. United States*, 14 CIT 666, 669, 746 F. Supp. 116, 118 (1990) (litigant cannot challenge revocation, which became final when litigant missed statutory deadline for filing challenge, under guise of challenge to administrative review rendered moot by such final revocation).  *Cf. Elkem Metals Co. v. United States*, 31 CIT 672, 676 (2003) (domestic industry challenge to revocation of an antidumping duty order, filed in order to preserve right to judicial review in parallel action challenging results of earlier administrative review, stayed pending disposition of that parallel action) *with Globe Metallurgical Inc. v. United States*, 31 CIT 1722, 1727, 530 F. Supp.2d 1343, 1349 (2007) (domestic industry challenge to revocation determination predicated upon a material injury determination in a sunset review; on plaintiff's motion for stay and defendant's motion to dismiss for failure to state a claim upon which relief could be granted, motion to stay denied and motion to dismiss granted, on ground that whether act of revocation was "correctly performed" under 19 U.S.C. § 1675(d)(2) was not dependent upon separate challenge to material injury determination).

subject to DSMC's challenge to the LTFV determination.  Commerce is required to "implement"
its section 129 determination if instructed to do so by the USTR, and an unchallenged zero-percent
margin determined pursuant thereto would certainly seem to remove the antidumping duty order's
legal underpinning and imply that revocation of the antidumping duty order is the necessary
consequence.  *Cf*. 19 U.S.C. § 3538(c)(1)(A).  But, nowhere in the statute is it decreed that
immediate liquidation is the consequence of such implementation, only that unliquidated entries
entered on or after the effective date of the section 129 determination get the benefit thereof.  *See*
19  U.S.C. § 3538(c)(1)(B).

   DSMC has foregone challenging revocation.  It maintains, however, a right to
reinstatement that is dependent upon success in this LTFV challenge.  Such a right is independent
of whatever challenge DSMC could have brought against "implementation" of the section 129
determination that has resulted in revocation, a determination with which DSMC contends it has no
legal complaint.  *See Globe Metallurgical*, *supra*, 31 CIT at 1728, 530 F. Supp. 2d at 1349 (plaintiff
not required to challenge revocation separately in order to maintain right to reinstatement of unfair
trade order).  By contrast, the defendant's motion essentially asks the court to undertake an act that
could moot most of the relief sought in this case.  Its papers do not persuade that such a result is
required, or that either it or the other parties will be prejudiced by continuation of the injunction until
the matter is concluded.  Given the posture of the litigation at this point, the Revocation Notice is
interlocutory.  Which matter is left standing remains to be seen.

II

DSMC's motion to amend its complaint reasons that amendment serves the interests of justice due to the "unusual" circumstances occasioned by the section 129 determination, that had the antidumping duty margin been *de minimis* from the outset it would "likely" have challenged additional issues.  DSMC Mot. at 4.  DSMC also calls attention to the fact that the court granted a previous motion to amend its complaint after Commerce amended the final LTFV margin results to correct for ministerial errors.  *Id*.

The court will not speculate on likelihood, but it will reflect on the fact that the margins were not *de minimis* when the litigation was filed and on the fact that the litigation's *status quo* is now with respect to *de minimis* estimated dumping margins, below the level needed to support the antidumping duty order.[4]

USCIT Rule 15(a)(2), which is identical to Rule 15(a)(2) of the Federal Rules of Civil Procedure, directs that leave to amend a complaint should be "freely" given "when justice so requires," which implies the absence of a valid reason for denial such as futility and undue prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Intrepid v. Pollock*, 907 F.2d 1125, 1128-29 (Fed. Cir. 1990).

In opposition to DSMC's motion, the defendant argues amendment would be futile. That is, if DSMC "wished to extend any relief it may obtain with respect to the LTFV determination

---

[4]  DSMC goes too far in stating that the section 129 determination "has now substantially changed the final results under appeal" and that "[p]ursuant to its Section 129 determination, the Department has altered the decision under appeal."  DSMC Mot. at 4.  The section 129 determination altered the effect of the final results of the LTFV determination as to future entries but not the final results themselves or the decision under appeal.  Be that as it may, DSMC has previously indicated awareness that the margin determined pursuant to section 129 is an entirely new determination.

into the legally distinct section 129 determination," DSMC was required to challenge the section 129

determination but failed to do so.  The defendant also contends DSMC fails to provide any "factual"

support for the contention that prevailing on its amended claims would result in non-*de-minimis*

margins even in the absence of zeroing.  Def's Opp. to DSMC's Mot. at 4-5, referencing DSMC

Mot. at n.1.

      The court does not consider the proposed amendments in isolation but in relation to

the entire complaint.  Any factual support necessary therefor would be in the administrative record.

The real question on futility is best measured on the basis of whether the proposed amendments

would survive a motion to dismiss or for summary judgment.  *See*, *e.g.*, *FYH Bearing Units USA,

Inc. v. United States*, 35 CIT ___, 753 F. Supp. 2d 1348 (2011).  Facially, none of the proposed

pleadings appears to be deficient for the purpose of such motions.[5]

---

[5] Which observation, of course, should not be interpreted as precluding any such motion.
Defendant-intervenor Ehwa Diamond Industrial Co., Ltd., helpfully summarizes DSMC's proposed
additional allegations as follows: 1. The Department's decision not to issue Section E questionnaires
to respondents was not supported by substantial evidence and was otherwise contrary to law; 2. The
Department's determination regarding whether to adjust Ehwa's and Shinhan's purchases from
affiliated suppliers was not supported by substantial evidence and was otherwise contrary to law; 3.
The Department's determination not to adjust the reported costs for purchases from unaffiliated non-
market economy suppliers was not supported by substantial evidence and was otherwise not in
accordance with law; 4. The Department's determination not to collapse Ehwa and Shinhan into a
single entity for purposes of the investigation was not supported by substantial evidence and was
otherwise not in accordance with law; 5. The Department's determination not to collapse Shinhan
with its Korean affiliates was unsupported by substantial evidence and was otherwise contrary to
law; 6. The Department's determination regarding whether to adjust the production quantities of
CONNUMs not produced in the period of investigation was not supported by substantial evidence
and was otherwise contrary to law; and, 7. The Department's determination regarding whether to
base Shinhan's financial expense rate on facts available was not supported by substantial evidence
and was otherwise contrary to law.  *See* Ehwa's Resp. to DSMC's Mot. at n.1.

The consolidated plaintiff Hyosung D&P Co., Ltd. ("Hyosung"), and the defendant-intervenors SH Trading Inc. and Shinhan Diamond Industrial Co., Ltd. ("Shinhan"), and Ehwa Diamond Industrial Co., Ltd. ("Ehwa"), all argue DSMC's motion is unduly prejudicial.  Undue prejudice is typically the most important consideration on a Rule 15(a) motion.  *See* 6 Charles A. Wright, Arthur R. Miller, Mary K. Kane, and Richard L. Marcus, *Federal Practice and Procedure* § 1487 (3d ed., Supp. 2011).[6]  The focus here is generally on whether delay in moving to amend increases the risk that the opposing party will not have an adequate opportunity to prepare its case on the new issues raised by the amended pleading.  *See Ford Motor Co. v. United States*, 19 CIT 946, 956, 896 F. Supp. 1224, 1231 (1995).

Hyosung contends DSMC should have disclosed all counts at the outset in 2006, and that amendment should not be permitted for a development that has no "legal effect" on the administrative determination that has been challenged.  If amendment is permitted now, Hyosung

---

[6]  *See, e.g.*, *Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005) (delay in delineating defendants, in identifying their respective acts or omissions, and in complying with the discovery schedule, directly prejudiced defendants' ability to mount an effective qualified-immunity defense); *Invest Almaz v. Temple-Inland Forest Products Corp.*, 243 F.3d 57 (1st Cir. 2001) (amendment of pleadings at close of plaintiff's case, to assert affirmative fraud claims raised obliquely prior thereto, and immediately prior to beginning of defendant's case via videotaped deposition testimony of key defense witness, would have left limited ability to adapt defense to counter new claims); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255 (6th Cir. 1990) (amendment of seven-year-old action originally alleging only discriminatory discharge to include allegations of threats and intimidation at time of discharge would have been prejudicial), *cert. denied*, 501 U.S. 1250 (1991); *Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990) (amendment of complaint that would have required the bank to relitigate a portion of state-court action brought by its insurer held prejudicial in absence of justification for delay in motion to amend); *Earlie v. Jacobs*, 745 F.2d 342 (5th Cir. 1984) (attempted amendment of race-discrimination complaint  adding nothing of substance to original allegations and solely in order to circumvent earlier ruling denying jury trial would only have delayed trial and prejudiced employer); *Frank v. Dana Corp.*, 649 F. Supp. 2d 729 (N.D. Ohio 2009) (plaintiffs could have amended complaint in response to motion to dismiss, but amendment after responsive pleading would cause an extensive delay).

argues, it "would then have grounds to seek to amend their complaint to add claims designed to reduce their margins" which might be repeated *ad nauseum*. The "better practice," Hyosung argues, is to require a statement of all claims at the outset of pleadings, which could then be discarded if success appears unlikely or are not worth the effort to pursue.

This court will not infer immateriality from the fact of non-inclusion of particular counts in a complaint filed at the outset of litigation, and it is unwilling to require a kitchen-sink-and-winnowing-out approach to pleading on these papers before it. Further, the court does not presently have before it a motion from Hyosung to amend its complaint, but should one be submitted, it will be duly considered.

Shinhan characterizes the proposed amendment as inexcusably belated and coming on the eve of scheduled briefing. *See generally* Shinhan Opp. Br. at 3-9, referencing, *inter alia*, *Systems Unlimited, Inc. v. Cisco Systems, Inc.,* 228 Fed. Appx. 854, 855 (11th Cir. 2007); *Dal-Tile Corp. v. United States*, 23 CIT 631, 638, 63 F. Supp. 2d 1341, 1349 (1999); *Ruby Int'l, Inc. v. United States*, 18 CIT 513, 514 (1994); *Saint Paul Fire & Marine Ins. Co. v. United States*, 16 CIT 633, 795 F. Supp. 453 (1992). And yet, alacrity has not been a hallmark of this litigation. The parties have generally consented to motions for the various extensions of time requested in this matter, and DSMC's parallel motion to extend briefing a further 45 days after a decision on the motion to amend its complaint (to which the other opponents consent) is no exception.

Shinhan also relies upon *Ad Hoc Utilities Group v. United States*, 33 CIT ___, ___, 650 F. Supp. 2d 1318, 1330 (2009) to argue DSMC was well aware of the particular methodological approaches applied by Commerce in the LTFV final results that DSMC believed were erroneous.

The argument implies the motion to amend the complaint is predicated upon a "strategic" decision not to include the proposed amendments in the original complaint. The argument is unpersuasive.

A motion to amend a complaint that is included in a reply brief on a motion for rehearing, where a case has already been heard and a judicial decision rendered upon it, and which amending motion was only in order to include individual-named companies as plaintiffs that had been "strategically" omitted from being named plaintiffs at the outset of the litigation, is of a different order (if not class) than the motion to amend at bar. *Cf. Ad Hoc Utilities Group*, 33 CIT at ___, 650 F. Supp. 2d at 1329-30. The circumstances behind the proposed amendment are not indicative of motivation calculated to undermine valiant defense. Although Rule 16 contemplates entry of scheduling orders in litigation that "limit the time to . . . amend the pleadings,"[7] the matter at bar is governed by Rule 56.2, and by Rule 16 only indirectly. The scheduling advised to the court via the parties' joint status report, ECN No. 43 (Jul. 8, 2011), does not contemplate a date certain after which pleadings may not be amended. Nor need it have. *See* USCIT Rule 56.2(a) & (d).

Ehwa argues that it would be specifically prejudiced by "additional and unwarranted burdens" if amendment of the complaint were allowed, and that "DSMC wishes to amend its complaint based on issues unrelated to the reason why the margin was altered." Ehwa Resp. to DSMC Mot. at 3. Shinhan, similarly, complains that amendment adds complexity to the litigation and would require "reach[ing] back in time and into the massive detail of the administrative record (containing evidence dating back to 2004)". Shinhan Opp. Br. at 8.

---

[7] *See* USCIT Rule 16(b)(3)(A). The purpose thereof is for the parties to acknowledge in advance that "at some point . . . the pleadings will be fixed" and act accordingly. *See* Advisory Committee Notes to the 1983 Amendments to Fed.R.Civ.P. 16(b); *cf.*, *e.g.*, *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (2004).

In one sense, of course, having to answer to *any* complaint can be regarded as an "unwarranted burden," and the court can agree that the *cause* for the alteration of the margin has no bearing on the motion to amend the complaint.  But, the consequence thereof – elimination of the margin altogether – puts DSMC's challenge (to the final results of the antidumping investigation as a whole) in a different light, concerning which DSMC maintains the right to complain of injustice.

"[A] long- and still-standing principle of Anglo-American jurisprudence is that a party plaintiff is the master of its complaint." *Neenah Foundry Co. v. United States*, 24 CIT 202, 203 (2000) (citations omitted).  Typically, plaintiffs have been denied leave to amend to add new claims or theories when the amendment is sought after the case has been pending for some time, discovery has closed, and the court is about to rule on defendant's summary-judgment motion.  In a case such as this, discovery is not an issue, nor is there any danger of a loss of valuable evidence or the unavailability of an important witness, nor has the court been asked to rule on a dispositive motion.

Although DSMC initiated this litigation in August 2006, further substantive proceedings had to abide a successful challenge to the negative final determination of the U.S. International Trade Commission in the same antidumping investigation as well as Commerce's subsequent issuance of the antidumping duty order in November 2009, after which the Government of Korea immediately instituted proceedings before the World Trade Organization to obtain the panel decision in early 2011 that determined Commerce's "zeroing" calculation methodology impermissible under WTO Agreements as applied to the diamond sawblades investigation.  *See United States – Use of Zeroing in Anti-Dumping Measures Involving Products from Korea*, WT/DS402 (Jan. 18, 2011).  Commerce then instituted section 129 proceedings to implement that

panel decision, and it preliminarily determined that in the absence of zeroing methodology all antidumping margins were equal to zero,[8] at which point, as mentioned, DSMC sought a temporary restraining order and preliminary injunction against both revocation and liquidation of subject merchandise, which motions were denied at the time as unripe.

Arguably, DSMC might have requested leave to amend its complaint at that time as well. But since the initial motion for injunction was unripe, the prospect of a definite change in the margin was also uncertain. It was not until Commerce made its final section 129 determination in October 2011 that the *status quo* of the underlying matter changed (*i.e.*, the estimated antidumping duty rates). Thus it would be a stretch to conclude at this point that DSMC has been "dilatory" in seeking to amend its complaint.

In brief: the underlying matter is appeal of an agency determination made on the basis of an administrative record; the claims DSMC would amend its complaint to include are, with one alleged exception, not a matter of surprise or discovery, having been raised before Commerce at the administrative proceeding; the matter to this point has involved a complaint, not an answer or other responsive pleading, and it has not been submitted for final disposition (indeed, briefing has yet to begin); and the complexity (such as it may be) of the additional proposed amendments to the complaint does not appear to be such as would amount to undue prejudice to the opposing parties, nor is any other discernible. The opponents of the motion do not persuade as to the existence of actual unfair disadvantage as a result of the timing of DSMC's motion or otherwise.

---

[8]   *See* Memorandum, re: *Preliminary Results Under Section 129 of the Uruguay Round Agreements Act: Antidumping Measures on Diamond Sawblades and Parts Thereof from the People's Republic of Korea* at 3-4 (July 26, 2011), attached as Exhibit 2 to DSMC's Mot.

*Conclusion*

For the above reasons, the defendant's motion to amend the injunction is hereby denied, the plaintiff's motion to amend its complaint is hereby granted, and the dispositive briefing is hereby extended a further 45 days after the date of this opinion.

**So ordered**.


                                    /s/  R. Kenton Musgrave
                                R.  Kenton Musgrave, Senior Judge

Dated: March 29, 2012
        New York, New York